NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010[*]
Decided April 12, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-3729

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
| *v.* | |
| | No. 08 CR 00038 |
| DARRELL F. JACKSON, | |
| *Defendant-Appellant*. | Theresa L. Springmann, |
| | *Judge*. |

**O R D E R**

This appeal centers on a factual dispute over the location of a trash can. Darrell Jackson pleaded guilty to possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 188 months' imprisonment. Jackson appeals, challenging the district court's denial of his motion to suppress. In the motion Jackson argued that the police violated the Fourth Amendment by searching through a trash can placed next to the

---

[*]On February 16, 2010, we granted the parties' joint motion to have the appeal decided on the briefs. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(f).

side door of his house.  Because the district court did not clearly err in crediting police testimony that the can was on the curb awaiting pickup, we uphold the ruling and affirm Jackson's conviction.

After receiving a tip that Jackson was dealing crack and powder cocaine from his home, Detectives Jack Cain and Earl McDonald of the Allen County Police Department conducted a pre-dawn trash pickup in front of Jackson's house.  In Jackson's garbage they found a rock of crack cocaine, plastic baggies and razor blades with cocaine residue, and a receipt for the purchase of ammunition.  Cain obtained a search warrant for Jackson's home; the search led to the recovery of approximately 23 grams of crack cocaine.

Following his arrest Jackson filed a motion to suppress the evidence found in the search.  The district court held a hearing at which Jackson, his neighbor to the east Leroy McGraw, McDonald, and Cain testified.  McGraw explained that trash was picked up in the neighborhood on Thursday mornings and that his sons were supposed to take out the garbage.  He testified that on those Thursday mornings when he took out the trash, he sometimes saw Jackson putting his trash out, but he never saw Jackson putting his trash out on Wednesday night.  McGraw admitted, however, that he did not really monitor Jackson's actions.

Jackson testified that he always kept his trash can on the side of his house and did not move it to the curb until Thursday morning after he finished taking his children to school.  He admitted that he had several prior convictions and arrests, including convictions for cocaine possession and false informing.  And he testified inconsistently about when his brother lived with him after being released from prison and the number of times that he had seen the realtor for the home to his west put out a trash can.

McDonald and Cain both testified that at 2:45 a.m., when they picked up trash from Jackson's house, the trash can was on a grassy area between the sidewalk and the curb.  Both also testified that they had tried previously to go through Jackson's trash but had been thwarted by the presence of people or lights in the area.  McDonald testified that several times they noticed two trash cans put out, one presumably for Jackson and the other for the house to the west; Cain said that on the night they seized the trash there was another can out for the house next door.

In denying Jackson's motion to suppress, the district judge found the detectives' testimony credible and assigned it great weight because it was detailed, consistent, and partially corroborated by the defendant's testimony about the realtor next door leaving trash cans out.  The judge also found McGraw credible but gave his testimony less weight because he admitted that his sons took the trash out most of the time and that he was not

monitoring the defendant's actions.  Further, the judge found Jackson not credible based on his prior conviction for false informing and his inconsistent testimony.  Accordingly, the court concluded that Jackson's trash can had been by the curb on the night of the police pickup, so Jackson did not have a reasonable expectation of privacy in the trash, which the police had therefore lawfully collected.  *See California v. Greenwood*, 486 U.S. 35, 37 (1988).

On appeal Jackson reasserts his argument, based on his and McGraw's testimony at the suppression hearing, that the trash can was next to his house at the time the police took his garbage, so the pickup violated the Fourth Amendment.  Jackson's argument could have merit if the district court had found that the can was next to his home.  *See United States v. Hendrick*, 922 F.2d 396, 400 (7th Cir. 1991).  But the district court specifically credited the testimony of Cain and McDonald that the can was at the curb when they went through it, and Jackson does not argue that the court's credibility assessment was flawed.

Even if Jackson did contest the district court's credibility determination, the court's conclusions were not clearly erroneous.  The district judge was entitled to give the detectives' testimony more weight because it was detailed and consistent.  *See United States v. Conner*, 583 F.3d 1011, 1023 (7th Cir. 2009); *United States v. Noble*, 246 F.3d 946, 953 (7th Cir. 2001).  Likewise the judge did not commit clear error by focusing on McGraw's admitted lack of attention towards Jackson's activities and limited opportunity to observe Jackson's trash habits.  *See United States v. Gallo-Moreno*, 584 F.3d 751, 757-58 (7th Cir. 2009) (noting witness's "lengthy opportunity to observe" and "high degree of attention" in upholding identification procedure).  Nor did the judge clearly err in factoring Jackson's inconsistent testimony and false informing conviction into her credibility assessment.  *See United States v. Watson*, 87 F.3d 927, 931 (7th Cir. 1996); *United States v. Thomas*, 11 F.3d 1392, 1397 n.2 (7th Cir. 1993).

AFFIRMED.